UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PIOTR JOZWICKI and MICHAL SKRZECZKOWSKI,
individually and on behalf of all other persons similarly
situated who were employed by BEAM
CONSTRUCTION INC., and/or any other entities
Affiliated with or controlled by BEAM
CONSTRUCTION INC.,

                                Plaintiffs,

    - against -

BEAM    CONSTRUCTION    INC.   and    MARK
FABJANOWSKI A/K/A MAREK FABJANOWSKI,
                                 Defendants.
-------------------------------------------------------------------X

**Docket No.:**

**CLASS / COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

1.      Plaintiffs PIOTR JOZWICKI and MICHAL SKRZECZKOWSKI, ("Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, by and through their attorneys, Marzec Law Firm P.C., as and for their complaint against the Defendants, BEAM CONSTRUCTION INC. ("BEAM" or "Corporate Defendant"), MARK FABJANOWSKI A/K/A MAREK FABJANOWSKI ("Individual Defendant"), collectively, ("Defendants") allege as follows:

## NATURE OF THE ACTION

2.      Plaintiffs, on behalf of themselves and others similarly situated bring this action to recover unpaid wages, unpaid overtime wages, prevailing wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. § 137-144 ("NYLL"), and the New York State common law.

1

3.      Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract, unjust enrichment, fraud by certain or all Defendants and against the Individual Defendant for intentionally inducing the Corporate Defendant into violating the employee contract between the Corporate Defendant and the Plaintiffs and others similarly situated of wages they rightfully earned working for the Corporate Defendant.

4.      Plaintiffs, along with others similarly situated, were, for all times relevant to this Complaint, employed as waterproofing mechanics for Defendants, positions for which they were paid hourly and that are not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

5.      The Defendants engaged in services relating to construction and renovation work, in New York State. Jobs performed by Defendants involved public jobs where prevailing wages were to be paid. By failing to pay prevailing wages to Plaintiffs and the similarly situated, the Defendants committed a massive fraud against New York State, its tax payers and departments.

6.      The Defendants' work involved various public works projects.

7.      Plaintiffs and others similarly situated employees were employed by the Corporate Defendant and worked various per week, but were not compensated properly for the hours they worked and the overtime hours worked. They were not paid proper prevailing wages.

**PARTIES**

8.      Plaintiff, Piotr Jozwicki is a citizen of New York with an address of 90-15 Myrtle Avenue, Apartment 3L, Glendale, NY 11385, he was employed by BEAM from on or about January 1, 2011.

9.      During the course of his employment, Mr. Jozwicki served as a fulltime employee in the position of waterproofing mechanic for Defendants.

10.    Plaintiff, Michal Skrzeczkowski is a citizen of New York with an address of 1920 Greene Avenue, Apartment 1R, Ridgewood, NY 11385, he was employed by BEAM from on or about April 2013.

11.    During the course of his employment, Mr. Skrzeczkowski served as a fulltime employee in the position of waterproofing mechanic for Defendants.

12.    Defendant, BEAM, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 50 Main Street, Suite 1000, White Plains, New York 10606.

13.    Defendant Mark Fabjanowski a/k/a Marek Fabjanowski is an individual with a business address of 50 Main Street, Suite 1000, White Plains, New York 10606. Mr. Fabjanowski is the owner and manager of the Corporate Defendant.

14.    Individual Defendant is the owner, shareholder, officer, director, and/or Manager of the Corporate Defendant, and as ones of the ten largest shareholders is individually responsible for unpaid wages under New York Business Corporation Law and otherwise.

15.    Individual Defendant was charged with payment of wages to Plaintiffs.

## JURISDICTION AND VENUE

16.    The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is incorporated in the State of New York and is authorized to do business in the State of New York and regularly conducts business in New York.

17.    The Court has personal jurisdiction over the Individual Defendant in that he is a resident of New York and regularly transacts a substantial amount of business and has substantial contacts in New York.

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

19.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

20.     The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiffs' claims occurred in this district, and defendants are residents of the district.

## JURY DEMAND

21.     Plaintiffs demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

22.     Defendant BEAM at all relevant times herein, was and is a renovation/construction company located in White Plains, New York engaged in public works projects.

23.     Defendant BEAM is an employer subject to the FLSA, as Defendant BEAM, engages in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Beam employs workers who handle goods and materials that were produced or manufactured outside of New York and have moved in interstate and/or international commerce, including, construction products and tools, machinery and company cars.

24.     Upon information and belief, Defendants employ over 10 employees such as construction laborers, helpers, roofers, concrete workers, drivers and other personnel.

25.     On or about January 1, 2011, Plaintiff Jozwicki was hired by Defendants to work as a waterproofing mechanic.

26.     On or about April 1, 2013, Plaintiff Skrzeczkowski was hired by Defendants to work as a waterproofing mechanic.

27.     Plaintiffs worked for Defendants until on or about July 31, 2015.

28.     Initially, Plaintiff Skrzeczkowski was to be paid $25.00 per hour.  In 2014, his pay increased to $30.00 per hour.

29.     Plaintiff Jozwicki's pay was initially $30.00 hour (when hired), increasing to $33.00 per hour in 2012-2013, then increasing again to $37.50 for the time between beginning of 2014 and the termination of employment with Defendants.

30.     Each Plaintiff, and others similarly situated were entitled to be paid a proper wage for the work done.

31.     Despite regularly working in excess of 40 hours per week, Plaintiffs (and others similarly situated) were never paid the proper overtime rate of one-and-half times their regular hourly rate for their hours in excess of 40 per week.

32.     On average, Plaintiffs worked in excess of 55 hours per week, and during some weeks, in excess of 60 hours.

33.     Despite the number of hours worked, Plaintiffs and others similarly situated were sometimes paid at straight time rate, but never at an overtime rate.

34.     Defendants' fraud was so massive, that Plaintiffs, and others similarly situated, were not even paid for many weeks and months that they actually worked, at any rate.

35.     Essentially, Plaintiffs were paid less than the overtime rate of pay, less than prevailing wages, and even less than the agreed upon straight hourly rate.

36.     Additionally, the Plaintiffs and others similarly situated, were not paid the prevailing wage for their work.

37.     Plaintiffs, and others similarly situated were entitled to earning prevailing wages on public works projects- a rate no less than $65.00 per hour.

38.     Upon information and belief, other similarly situated employees were, too, underpaid and were paid no time and a half for overtime, nor prevailing wages.

39.     This failure to pay was motivated to underpay Plaintiffs and others similarly situated.

40.     In effect, Plaintiffs and others received less than the prevailing wages they were entitled to.

41.     Defendants' failure to pay Plaintiffs was pursuant to a policy by which they similarly failed to pay prevailing and overtime and regular wages to other employees similarly situated to Plaintiffs, who also regularly worked in excess of 40 hours per week and who did not receive wages for all hours worked.

42.     During Plaintiffs' employment with Beam, the Plaintiffs was one of approximately 10 plus employees over time who regularly worked in excess of 40 hours per week, but were not paid prevailing wages and were not paid overtime and/or did not receive their wages for all hours worked.

43.     Defendants failed to display legally required job site notices concerning state and labor laws.

44.     Defendants failed provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

45.     Defendants failed to track each and every employee's hours worked.

46.     Defendants failed to track each employee's hours worked for any given day of a week during which the employee was employed.

47.     Plaintiffs lived under a constant fear of termination should they speak up to defendants concerning non-payment of lawful prevailing and overtime wages.

48.     Defendants' jobs were public works and public projects and were financed with public money. The projects worked on, demanded payment of prevailing fees.

**Defendants' Conduct was and is Willful and Ongoing**

49.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records. The Defendants have an obligation to pay prevailing wages as well on public works and public projects.

50.     Defendants were aware of their statutory requirements, including the requirement to pay Plaintiffs and others similarly situated at the overtime premium rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

51.     Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve proper payroll records.

52.     As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

53.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

54.     Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

55.     From time to time, Defendants would fail to pay the unlawful wages paid to Plaintiffs and others similarly situated, and would pay these wages late.

**Facts Relating to the Defendants as Employer**

56.     At all relevant times herein, the Corporate Defendant was and is controlled by the Individual Defendant.

57.     At all relevant times herein, the Individual Defendant conducted business as the Corporate Defendant.

58.     At all relevant times herein, the Individual Defendant acted for and on behalf of the Corporate Defendant, with the power and authority vested in him as owner, office and agent of the Corporate Defendant, and acted in the course and scope of his duty and function as agent and officer of the Corporate Defendant.

59.     At all relevant times herein, the Individual Defendant directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks for Plaintiffs—or directing payroll through other agents—and others similarly situated.

60.     The Individual Defendant had control over the conditions of employment of Plaintiffs and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payments of their wages, and the maintenance of their employment records.

61.     At all relevant times herein, the Individual Defendant had operational control over the Corporate Defendant.

62.     As a matter of economic reality, all Defendants are joint employers of Plaintiffs and others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing the Corporate Veil**

63.     Upon information and belief, the Corporate Defendant is wholly owned by the Individual Defendant.

64.     Upon information and belief, in conducting the affairs of the Corporate Defendant, the Individual Defendant failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

65.     Upon information and belief, the Individual Defendant used the assets of the Corporate Defendant as his own, and otherwise commingled personal assets with the assets of the Corporate Defendant.

66.     As alleged herein, the Individual Defendant used the Corporate Defendant in order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

67.     Upon information and belief, the Corporate Defendant was used to commit fraud against Plaintiffs and others similarly situated.

68.     The Corporate Defendant is the alter-ego of the Individual Defendant; and, as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, the Corporate Defendant has no separate legal existence from the Individual Defendant. As such, the Corporate Defendant and the Individual Defendant, individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

69.     Plaintiffs bring this action on behalf of themselves and all others current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

70.     Upon information and belief, this class of persons consists of not less than ten (10) persons.

71.     There are questions of law and fact common to the class, specifically whether the employment of Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

72.     Plaintiffs and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs and others proper prevailing and overtime wages and regular wages under the FLSA and NYLL.

73.     Plaintiffs bring the FLSA and NYLL claims for relief herein individually and all others similarly situated as collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiffs and all others similarly situated have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

74.     Plaintiffs bring this action on behalf of themselves and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

75.     Upon information and belief, this class of persons consist of not less than ten (10) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

76.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL and New York common law. Only the amount of individual damages sustained by each class member will vary.

77.     The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

78.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

79.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23 (b)(3).

80.     Plaintiffs bring the first, second, third and fourth claims for relief herein on behalf of themselves individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, in respect to all claims that Plaintiffs and all others similarly situated have against the Defendants as a result of Defendants' violation of the FLSA, NYLL and New York Common Law.

## First Claim for Relief
## Breach of Contract

81.     Plaintiffs repeat and reallege each and every previous allegation as if fully set forth herein.

82.     Plaintiffs and others similarly situated entered into an oral contract with Defendants to supply work as construction workers and drivers in furtherance of Defendants' business in exchange for hourly wages.

83.     Plaintiffs and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of their employment agreements with Defendants, and were therefore entitled to the wages they earned while working for Defendants.

84.     Defendants failed or refused to pay Plaintiffs and others similarly situated all of their wages to which they were entitled under their employment agreement.

85.     Defendants failure or refusal to pay Plaintiffs and others similarly situated all of the wages to which they were entitled under their employment agreements constituted a breach of such employment agreements.

86.     By virtue of the foregoing breach of contract by Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount they should have been paid as contemplated by their employment agreements, less amounts they actually were paid, together with interests, costs, disbursements, and attorneys' fees.

<u>**Second Claim for Relief – Unpaid Wages and Overtime**</u>
<u>**New York Minimum Wage Act NYLL §650 et Seq.**</u>

87.     Plaintiffs repeat and reallege each and every allegation above as if set forth fully and at length herein.

88.     At all times relevant to this action, Plaintiffs and all others similarly situated were employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

89.    Pursuant to the NYLL, Plaintiffs and all others similarly situated were entitled to certain overtime wages, which Defendants intentionally failed to pay in violation of such laws.

90.    Plaintiffs and all others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtimes wages to which they were entitled.

91.    Plaintiffs and all others similarly situated did not receive the proper prevailing wages to which they were entitled despite the public works and public project nature of the Defendants' work.

92.    Defendants failed to appraise Plaintiffs and all others similarly situated of their rights under New York Labor Law.

93.    Defendants failed to furnish Plaintiffs and all others similarly situated with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

94.    Defendants failed to keep true and accurate records of hours worked by each employee, including Plaintiffs and all others similarly situated, covered by a proper hourly wage rate.

95.    Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

96.    Pursuant to these labor law violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants their unpaid wages and sums illegally deducted from

their wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

97.   Plaintiffs and all others similarly situated are also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

98.   At all times relevant to this action, Defendants failed and willfully failed to pay Plaintiffs and all others similarly situated overtime wage at rates of at least 1.5 times their regular rate of pay for each and all hours they worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulation. NYLL §§ 650 et seq.; 12 NYCRR § 142-2.2.

99.   Due to Defendants' New York Labor Law violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants, their unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

100.   Wherefore, Plaintiffs demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

**Third Claim for Relief – Prevailing Wage Rate**
**New York Prevailing Wage Act – NYLL §220 et Seq.**

101.   Plaintiffs repeat and re-allege each and every allegation above as if set forth fully and at length herein.

102.   Plaintiffs and all others similarly situated were, for all times relevant to this Complaint, employed as waterproofing mechanics for Defendants, on contracts in which State of New York or its agencies were a party.

14

103.    Plaintiffs and others similarly situated were entitled to payment of prevailing wages.

104.    Defendants failed to pay prevailing wages under law and contract.

105.    Wherefore, Plaintiffs and others similarly situated are entitled to payment of all wages due.

### Fourth Claim for Relief – Unpaid Wages and Overtime
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

106.    Plaintiffs repeat and reallege each and every allegation above as if set forth fully and at length herein.

107.    Plaintiffs and all others similarly situated were, for all times relevant to this Complaint, employed as waterproofing mechanics for Defendants, positions for which they were paid hourly and that are not exempt from the overtime provisions of FLSA.

108.    At all times relevant herein, Defendants were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207 (a).

109.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs and all others similarly situated overtime wages at rates of at least 1.5 times their regular rate of pay for each and all hours they worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, 216(b).

110.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs and all others similarly situated minimum wages.

111.    Plaintiffs and all others similarly situated were paid hourly and not exempt from the right to receive overtime pay or minimum wages under the FLSA.

112.    At all times relevant to this Complaint, Defendants had a policy of willfully failing to make overtime payments for hours worked in excess of forty (40) hours per week.

113.    As a result of Defendants' failure to compensate Plaintiffs and all others similarly situated at a rate not less than 1½ time the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

114.    Defendants failed to make, keep and preserve records with respect to Plaintiffs and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

115.    Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

116.    As result of the Defendants' failure to properly credit, record, report and/ or compensate Plaintiffs and all others similarly situated, Defendants have failed to make, keep and preserve records with respect to each of its employee, including Plaintiffs and all others similarly situated, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

117.    Defendants have failed to properly disclose or appraise Plaintiffs and all others similarly situated of their rights under the FLSA.

118.    As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiffs and all others similarly situated are entitled to liquidated damages pursuant to the FLSA.

119.    Plaintiffs and all others similarly situated are entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

120.    Plaintiffs and all others similarly situated seek a judgment for unpaid overtime wages, regular wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs, and Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

121.    Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

122.    Wherefore, Plaintiffs demand a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

**Fifth Claim for Relief**
**Quantum Meruit**

123.    Plaintiffs repeat and reallege each and every allegation above as if set forth fully and at length herein.

124.    Plaintiffs and all others similarly situated performed work and services for Defendants.

125.    Plaintiffs and all others similarly situated had a reasonable expectation of payment for the hours they worked for the Defendants.

126.    Defendants failed to remunerate Plaintiffs and all others similarly situated for all the hours they worked.

127.    Defendants failed to pay Plaintiffs and all others similarly situated an overtime rate of pay for all the hours they worked.

128.    Plaintiffs and others similarly situated are entitled to be paid for a reasonable value of their services less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

129.    Wherefore, Plaintiffs demand a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

**Sixth Claim for Relief**
**Fraud**

130.    Plaintiffs repeat and reallege each and every allegation above as if set forth fully and at length herein.

131.    At the times alleged herein, Defendants made fraudulent representations of fact to Plaintiffs and all others similarly situated.

132.    The misrepresentations included, but were not limited to, Defendants telling Plaintiffs and all others similarly situated that they would be paid all wages due, including overtime wages and all wages due.

133.    The misrepresentations include Defendants telling Plaintiffs they would be paid overtime wages for hours worked above and beyond the initial 40 hours worked in a given week and that they would be paid prevailing wages.

134.    Defendants' misrepresentation of the intent to perform was a knowing misrepresentation of a material fact.

135.    Plaintiffs relied on the Defendants' misrepresentation to their detriment.

136.    Upon the misrepresentation, Plaintiffs and all others similarly situated continued working for Defendants.

137.    Defendants committed fraud against Plaintiffs and all others similarly situated by failing to pay them all wages due.

138.    Wherefore, Plaintiffs demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Seventh Claim for Relief
### Third Party Beneficiary

139.    Plaintiffs repeat and reallege each and every previous allegation as if fully set forth herein.

140.    Plaintiffs and others similarly situated are third party beneficiaries to the contracts between public entities, New York State, New York City and its departments, with the Defendants.

141.    Plaintiffs and others similarly situated are entitled to the benefit of the contracts entered into by the Defendants for public works and public projects.

142.    By virtue of the foregoing, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount they should have been paid as contemplated by their employment agreements, less amounts they actually were paid, together with interests, costs, disbursements, and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, respectfully request that this Court grant the following relief:

(1)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(2)    As to the First Claim for Relief, award Plaintiffs damages arising out of the breach of contract.

(3)    As to the Second Claim for relief, award Plaintiffs, their unpaid overtime wages due under the New York Minimum Wage Act and

19

the Regulation thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(4)    As to the Second Claim for Relief, award Plaintiffs, any and all outstanding (additional) wages, including overtime wages plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(5)    As to the Second Claim for Relief, award Plaintiffs, damages arising out of violation of NYLL;

(6)    As to the Third Claim for Relief, award Plaintiffs any and all outstanding additional wages, including wages for hours unpaid and additional hourly rate due, plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(7)    As to the Third Claim for Relief, award Plaintiffs damages arising out of violation of NYLL;

(8)    As to the Fourth Claim for Relief, award Plaintiffs their unpaid wages and overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(9)    As to the Fifth Claim for Relief, award Plaintiffs the quantum meruit value of their labor.

(10)    As to the Sixth Claim for Relief, award Plaintiffs damages arising out of Defendants' fraud;

(11)    As to the Seventh Claim for Relief, award Plaintiffs and others similarly situated the value of their labor as third party beneficiaries to state and city contracts;

(12)    Award Plaintiffs, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(13)    If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(14)    Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(15)    Award postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law And Rules § 5003;

(16)    Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(17)    Award Plaintiffs all other relief requested in this Complaint;

(18)    Award Plaintiffs other, further and different relies as the Court deems just and proper; and

(19)    An injunction requiring Defendants to pay all statutorily required

wages and cease the unlawful activity described herein pursuant to

the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury

on all questions of fact raised by the complaint.

Dated: February 13, 2017
       New York, New York

                                        Respectfully submitted,

                                        **MARZEC LAW FIRM, PC**

                                By:     _/s/ Darius A. Marzec_
                                        Darius A. Marzec, Esq.
                                        Attorney for Plaintiffs
                                        _Piotr Jozwicki, and_
                                        _Michal Skrzeczkowski_
                                        _AND COLLECTIVELY FOR ALL_
                                        _OTHER FORMER AND CURRENT_
                                        _EMPLOYEES_
                                        225 Broadway, Suite 3000
                                        New York, NY 10007
                                        (212) 267-0200
                                        dmarzec@marzeclaw.com