UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
PIOTR JOZWICKI and MICHAL SKREZECKOWSKI,
individually and on behalf of all other persons similarly
situated who were employed by
BEAM CONSTRUCTION INC., and/or any other entities
Affiliated with or controlled by BEAM CONSTRUCTION
        Plaintiffs,

              Case No.: 7:17-CV-01084-KMK

              **DEFENDANTS' ANSWER,**
              **AFFIRMATIVE DEFENSES,**
              **AND COUNTERCLAIMS**

 -against-

BEAM CONSTRUCTION INC. and MARK
FABJANOWSKI A/K/A MAREK FABJANOWSKI
        Defendants.
-----------------------------------------------------------------------------------

  Defendants, Beam Construction Inc. and Mark Fabjanowski A/K/A Marek Fabjanowski (collectively "Defendants"), by their attorneys, Tilem & Associates P.C., as and for their Answer with Affirmative Defenses to the Complaint dated February 13, 2017 of Plaintiffs, Piotr Jozwicki and Michal Skrezeckowski, individually and on behalf of all other persons similarly situated who were employed by Beam Construction Inc., state as follows:

1. With respect to paragraph "1" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein contain no allegation and to which no response is necessary.

## NATURE OF THE ACTION

2. With respect to paragraph "2" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein as the allegations set forth plaintiffs' theory of the

1

case and to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

3. With respect to paragraph "3" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein as the allegations set forth plaintiffs' theory of the case and to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

4. Deny the truth of the matters contained in paragraphs "4" and "5" of the Complaint.

5. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "6" of the Complaint.

6. Deny the truth of the matters contained in paragraph "7" of the Complain, except admit that the Plaintiffs were employees of the Defendants.

## PARTIES

7. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "8" of the Complaint, except that Plaintiffs were once employed by the Defendant.

8. Admit the truth of the matters contained in paragraph "9" of the Complaint.

9. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "10" of the Complaint, except that Plaintiffs were once employed by the Defendant.

10. Admit the truth of the matters contained in paragraphs "11" "12" "13" "14" and "15" of the Complaint.

## JURISDICTION AND VENUE

11. With respect to paragraphs "16" "17" "18" "19" and "20" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## JURY DEMAND

12. With respect to paragraph "21" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein contain no allegation and to which no response is necessary.

## FACTUAL BACKGROUND

13. Admit the truth of the matters contained in paragraph "22" of the Complaint.

14. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "23" of the Complaint.

15. Deny the truth of the matters contained in paragraph "24" of the Complaint.

16. Deny the truth of the matters contained in paragraphs "25" and "26" of the Complaint, except admit that the Plaintiffs were once employed by Defendant, Beam Construction Inc.

17. Deny the truth of the matters contained in paragraph "27" except admit that the Plaintiffs' employment with the Defendant Beam Construction was terminated in August 2013 when Plaintiffs began to work for SHAIRA Construction Corporation.

18. Deny the truth of the matters contained in paragraphs "28" and "29" of the Complaint.

19. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "30" of the Complaint.

20. Deny the truth of the matters contained in paragraphs "31" "32" "33" "34" "35" and "36" of the Complaint.

21. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "37" of the Complaint.

22. Deny the truth of the matters contained in paragraphs "38" "39" "40" "41" "42" "43" "45" "46" and "47" of the Complaint.

23. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "48" of the Complaint.

24. Admit the truth of the matters contained in paragraphs "49" and "50" of the Complaint.

25. Deny the truth of the matters contained in paragraphs "51" "52" "53" "54" and "55" of the Complaint.

26. Admit the truth of the matters contained in paragraph "56" of the Complaint.

27. Deny the truth of the matters contained in paragraph "57" of the Complaint.

28. Admit the truth of the matters contained in paragraph "58" of the Complaint.

29. Deny the truth of the matters contained in paragraphs "59" and "60" of the Complaint.

30. Admit the truth of the matters contained in paragraph "61" of the Complaint.

31. Deny the truth of the matters contained in paragraph "62" of the Complaint.

32. Admit the truth of the matters contained in paragraph "63" of the Complaint.

33. Deny the truth of the matters contained in paragraphs "64" "65" "66" "67" and "68" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

34. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraphs "69" "70" and "71" of the Complaint.

35. Deny the truth of the matters contained in paragraph "72" of the Complaint.

36. With respect to paragraph "73" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## CLASS ACTION ALLEGATIONS

37. With respect to paragraphs "74" and "75" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

38. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraphs "76" "77" "78" "79" of the Complaint.

39. With respect to paragraph "80" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

40. With respect to paragraph "81" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

41. Deny the truth of the matters contained in paragraphs "82" "83" "84" and "85" of the Complaint.

42. With respect to paragraph "86" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to

which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## SECOND CLAIM FOR RELIEF
### (Unpaid Wages and Overtime – New York Minimum Wage Act)

43. With respect to paragraph "87" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

44. Deny the truth of the matters contained in paragraphs "88" "89" "90" "91" "92" "93" "94" "95" "96" "97" "98" and "99" of the Complaint.

45. With respect to paragraph "100" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## THIRD CLAIM FOR RELIEF
### (Prevailing Wage Rate - New York Prevailing Wage Act)

46. With respect to paragraph "101" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

47. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "102" of the Complaint.

48. Deny the truth of the matters contained in paragraphs "103" and "104" of the Complaint.

49. With respect to paragraph "105" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

### FOURTH CLAIM FOR RELIEF
### (Unpaid Wages and Overtime FLSA)

50. With respect to paragraph "106" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

51. Deny the truth of the matters contained in paragraph "107" of the Complaint.

52. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "108" of the Complaint.

53. Deny the truth of the matters contained in paragraphs "109" and "110" of the Complaint.

54. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "111" of the Complaint.

55. Deny the truth of the matters contained in paragraphs "112" "113" "114" "115" "116" "117" "118" "119" "121" of the Complaint.

56. With respect to paragraphs "120" and "122" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

### FIFTH CLAIM FOR RELIEF
### (Quantum Meruit)

57. With respect to paragraph "123" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

58. Admit the truth of the matters contained in paragraph "124" of the Complaint.

59. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraph "125" of the Complaint.

60. Deny the truth of the matters contained in paragraphs "126" "127" and "128" of the Complaint.

61. With respect to paragraph "129" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## SIXTH CLAIM FOR RELIEF
### (Fraud)

62. With respect to paragraph "130" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

63. Deny the truth of the matters contained in paragraphs "131" "132" "133" and "134" of the Complaint.

64. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraphs "135" and "136" of the Complaint.

65. Deny the truth of the matters contained in paragraph "137" of the Complaint.

66. With respect to paragraph "138" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## SEVENTH CLAIM FOR RELIEF
### (Third Party Beneficiary)

67. With respect to paragraph "139" of the Complaint, Defendants adopt by reference the answers to the allegations adopted by reference.

68. Deny knowledge or information to form a belief as to the truth of the matters contained in paragraphs "140" and "141" of the Complaint.

69. With respect to paragraph "142" of the Complaint, Defendants neither admit nor deny the truth of the matters contained therein, as the allegations call for a legal conclusion to which no response is necessary, however to the extent a response is deemed necessary, it is denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants allege the following as separate affirmative defenses to the individual, representative, and putative class claims without assuming the burden of proof, where such burden is otherwise on the Plaintiffs under applicable procedural law. Defendants reserve the right to add additional affirmative defenses should they become aware of such during the course of discovery.

## FIRST DEFENSE

Defendants deny Plaintiffs have sustained any damage, deny the nature and extent of damage, if any, and deny they caused Plaintiffs to sustain any damage.

## SECOND DEFENSE

Plaintiffs' claims brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, are barred or limited, by the applicable statute of limitations. Further, the applicability of the statute of limitations require individualized determinations for each putative member of the purported class, thereby precluding class-wide resolution.

## THIRD DEFENSE

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

**FOURTH DEFENSE**

Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated New York or federal law.

**FIFTH DEFENSE**

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**SIXTH DEFENSE**

This action is barred to the extent Plaintiffs seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

**SEVENTH DEFENSE**

Plaintiffs' claims brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, cannot and should not be maintained on a class-action or representative action because: those claims fail to meet the necessary requirements for class certification, including class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; and lack of a community interest among the putative class.

**EIGHTH DEFENSE**

Plaintiffs failed to state a claim on which relief can be granted.

**NINTH DEFENSE**

Plaintiffs' claims brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, or unclean hands.

### TENTH DEFENSE

Some or all of Plaintiffs' claims are barred by payment.

### ELEVENTH DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, are barred, or the damages flowing there from reduced, because the alleged harms sustained by Plaintiffs, if any, are the result of a non-party's action.

### TWELEFTH DEFENSE

Defendants have no knowledge of, nor should they have had any knowledge of, any uncompensated work by the Plaintiffs or putative class members of the purported class as set forth in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs or putative class members of the purported class as set forth in the Complaint.

### THIRTEENTH DEFENSE

The Complaint, and each case of action thereof, is barred – or the damages flowing there from are reduced – because Plaintiff and putative members of the purported class as set forth in the Complaint failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

### FOURTEENTH DEFENSE

Plaintiffs are not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

Defendants reserve the right to assert additional affirmative defenses based upon further discovery.

**WHEREFORE**, Defendants respectfully request the following relief:

A. That the Complaint be dismissed with prejudice; and

B. That all costs and attorneys' fees be taxed to the Plaintiffs;

C. That the Court grant Defendants such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

As and for their Counterclaims against Plaintiffs Piotr Jozwicki and Michal Skrezeckowski, Defendants Beam Construction Inc. and Mark Fabjanowski A/K/A Marek Fabjanowski (collectively "Defendants"), by their attorneys, Tilem & Associates P.C., allege, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## PARTIES

1. Defendant (and Counterclaim Plaintiff) Beam Construction Inc. was a corporation duly organized under, and existing by virtue of, the laws of the State of New York. Beam Construction engaged in various construction projects.

2. Defendant (and Counterclaim Plaintiff) Marek Fabjanowski is an individual who resides in the State of New York and was the owner and Manager of corporate Defendant (and Counterclaim Plaintiff), Beam Construction, Inc.

3. Plaintiff (and Counterclaim Defendant) Michal Skrzeczkowski resides in New York and once worked for Beam Construction, Inc.

4. Plaintiff (and Counterclaim Defendant) Piotr Jozwicki resides in New York and once worked for Beam Construction, Inc.

## BACKGROUND FACTS

5. Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski were employed by Defendant (and Counterclaim Plaintiff) Beam Construction Inc.

6. At all times that Plaintiffs were employed by Beam Construction Inc., they were paid for the hours that they worked in accord with governing state and federal laws.

7. Both Piotr Jozwicki and Michal Skrzeczkowski came to work for Beam Construction, Inc. with very little experience and could not provide references.

8. In or around August 2013, and through June 2014, Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski worked for SHAIRA Construction Corporation. SHAIRA Construction Corporation was a subcontractor to Seaboard Weatherproofing Restoration on two projects concerning the Bronx Zoo.

9. In or around August 2013, and through June 2014, as employees of SHAIRA Construction Corporation and not Beam Construction, Inc., Plaintiffs worked on these projects relating to the Bronx Zoo.

10. In or around August 2013, and through June 2014, Plaintiffs' were compensated for their work on the Bronx Zoo projects from SHAIRA Construction Corporation and not Beam Construction, Inc. because SHAIRA Construction Corporation was their direct employer.

11. From September 2014 to July 2015, Beam Construction was a subcontractor for General Contractor, Universal Services Group ("USG") on a project involving 711 11th Avenue.

12. Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski worked for Beam Construction, Inc. on this project.

13. At all times that Plaintiffs were employed by Beam Construction Inc., they were paid for the hours that they worked in accord with governing state and federal laws.

14. Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski were responsible for equipment owned by Beam Construction Inc. which they used in their duties on the project.

15. The equipment that the Plaintiffs (and Counterclaim Defendants) used is worth approximately $30,000.00.

16. The equipment in question was the typical set up utilized by Beam Construction, Inc. to complete roof coating projects and included two concrete scaryfing machines (Edco 8 " model), two dust collectors (BLASTRAC BDC1216), and a Graco E10 coating spray machine with 4 spray guns (Graco Air Fusion).

17. USG released payments very slowly to its subcontractors.

18. In early July 2015, Beam Construction Inc. notified USG that it could not complete the work on the project without payment.

19. By their presence at the site of the project, Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski were aware that Beam Construction Inc. was owed money from USG and that Beam Construction Inc. would no longer be completing the job.

20. In or around July 2015, Beam Construction Inc. was owed approximately $30,000.00 from USG for work on the 711 11th Avenue project.

21. After Beam Construction Inc. stopped work on the 711 11th Avenue project, Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski approached USG, without Beam Construction, Inc.'s knowledge, and offered to complete the work.

22. Subsequently, Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski negotiated a contract whereby they were now the subcontractors for USG on the 711 11th Avenue project.

23. At the time Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski negotiated their contract with USG, they were still in possession of Beam Construction Inc.'s standard equipment.

24. Beam Construction Inc. made multiple demands for the return of this equipment.

25. Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski have not returned Beam Construction's Inc.'s equipment.

26. Upon information and belief, Beam Construction's Inc.'s equipment is in Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski private storage facility.

27. Plaintiffs (and Counterclaim Defendants) Piotr Jozwicki and Michal Skrzeczkowski completed the 711 11th Avenue project using Beam Construction Inc.'s equipment and were paid for their work directly by USG.

28. As a result of Plaintiffs' (and Counterclaim Defendants') underhanded actions in completing the 711 11th Avenue project, Beam Construction Inc. was not paid the monies it was owed from USG.

29. As a result of Plaintiffs' (and Counterclaim Defendants') underhanded actions in completing the 711 11th Avenue project, Beam Construction Inc.'s reputation in the marketplace changed and potential contractual relationships were obliterated.

30. As a result of the failed 711 11th Avenue project, Beam Construction Inc. lost important business relationships with project suppliers.

31. Upon information and belief, at least one of the Plaintiffs (and Counterclaim Defendants) is now employed by USG.

### FIRST CLAIM FOR RELIEF
**(Tortious Interference With An Existing Contract)**

32. Counterclaim Plaintiffs repeat and reallege each and every previous allegation as if fully set forth herein.

33. Counterclaim Defendants committed, or caused the commission of, the foregoing acts of interference with Counterclaim Plaintiffs' ongoing contractual obligations and as a consequence, Counterclaim Plaintiffs lost the ability to complete their pre-pre-existing contract and receive payment. Counterclaim Defendants acted solely out of malice.

34. Counterclaim Defendants committed, or caused the commission of, the foregoing acts of interference with Counterclaim Plaintiffs' relationship with General contractors, and as a consequence, Counterclaim Plaintiffs attempts to receive other contracts from any General Contractor have been frustrated to their harm and economic detriment. Counterclaim Defendants acted solely out of malice.

35. Counterclaim Defendants clearly knew of the ongoing business relationships between Counterclaim Plaintiffs and General Contractors, and intentionally interfered with

those relationships through dishonest, unfair or improper means. Counterclaim Defendants acted solely out of malice.

36. By reason of the foregoing acts committed by the Counterclaim Defendants, Counterclaim Plaintiffs have suffered an immediate and irreparable injury and have no adequate remedy at law.

37. By reason of the foregoing acts committed by the Counterclaim Defendants, Counterclaim Plaintiffs have been damaged in an amount thus far not determined.

### SECOND CLAIM FOR RELIEF
(Tortious Interference With Business Relationship)

38. Counterclaim Plaintiffs repeat and reallege each and every previous allegation as if fully set forth herein.

39. Each of the Counterclaim Defendants had knowledge of the foregoing acts of acts of interference with Counterclaim Plaintiffs' ongoing contractual obligations and each of the Counterclaim Defendants caused, encouraged or substantially assisted in the commission of, the foregoing acts of interference with the Counterclaim Plaintiffs ongoing contractual obligations, and as a consequence Counterclaim Plaintiffs lost the ability to obtain new contracts from general contractors.

40. Counterclaim Defendants clearly knew of the ongoing business relationships between Counterclaim Plaintiffs and General Contractors and intentionally interfered with those relationships through dishonest, unfair or improper means, by, among other things, going behind Plaintiffs' back and negotiating to complete the work using Plaintiffs' equipment for the sole purpose of inflicting intentional harm on the Counterclaim Plaintiffs. Counterclaim Defendants acted solely out of malice.

41. Each of the Counterclaim Defendants had knowledge of the foregoing acts of acts of interference with Counterclaim Plaintiffs' ongoing contractual obligations and each of the Counterclaim Defendants caused, encouraged or substantially assisted in the commission of, the foregoing acts of interference with the Counterclaim Plaintiffs ongoing contractual obligations, and as a consequence, Counterclaim Plaintiffs attempts to obtain new contracts from General Contractors have been frustrated to their harm and economic detriment.

42. By reason of the foregoing acts committed by the Counterclaim Defendants, Counterclaim Plaintiffs have suffered an immediate and irreparable injury and have no adequate remedy at law.

43. By reason of the foregoing acts committed by the Counterclaim Defendants, Counterclaim Plaintiffs have been damaged in an amount thus far not determined.

**WHEREFORE,** Counterclaim Plaintiffs respectfully request judgment against Counterclaim Defendants as follows:

A. That Counterclaim Plaintiffs be awarded damages in an amount to be determined at trial, but not less than $500,000, together with punitive damages;

B. That Counterclaim Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs demand a trial by jury.

Dated: May 30, 2017
   White Plains, New York

                                        Respectfully submitted,

/s/ Peter H. Tilem
PETER H. TILEM, ESQ.
HILLARY M. NAPPI, ESQ.
TILEM & ASSOCIATES, P.C.
188 East Post Road
White Plains, New York 10601
914-833-9785
ptilem@tilemlawfirm.com