UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PIOTR JOZWICKI and MICHAL
SKRZECZKOWSKI, individually and on behalf
of all other persons similarly situated who were
employed by BEAM CONSTRUCTION INC.,
and/or any other entities affiliated with or controlled
by BEAM CONSTRUCTION INC.,

                      Plaintiffs,

      -against-

BEAM CONSTRUCTION INC., MARK
FABJANOWSKI A/K/A MAREK
FABJANOWSKI, SHAIRA CONSTRUCTION
CORP and BALWINDER SINGH,

                      Defendants.
---------------------------------------------------------------X

**ORDER**

17 Civ. 1084 (KMK)(JCM)

      Plaintiffs bring this unpaid wage action pursuant to the Fair Labor Standards Act and the New York Labor Law. (Docket No. 27 ¶ 2).[1] On December 1, 2017, counsel for Defendants Beam Construction Inc. ("Beam") and Mark Fabjanowski ("Mr. Fabjanowski") filed a letter informing the Court that Mr. Fabjanowski filed for Chapter 7 Bankruptcy on December 1, 2017, with bankruptcy petition bearing file number 17-37040. (Docket No. 39). The letter asserted that this action is automatically stayed pursuant to Section 362 of the United States Bankruptcy Code. (*Id.*) On December 4, 2017, Plaintiffs filed a letter motion for a pre-motion conference to compel discovery responses from Beam. (Docket No. 41). Plaintiffs acknowledged that Mr. Fabjanowski filed for bankruptcy, but they argued that the automatic stay does not apply to Beam, which has not filed for bankruptcy. (*Id.*) On December 14, 2017, counsel for Beam and

---

[1] On September 6, 2017, United States District Judge Kenneth M. Karas referred this action to the undersigned for the purpose of determining general pre-trial matters, including scheduling, discovery and non-dispositive pre-trial motions. (Docket No. 23).

1

Mr. Fabjanowski filed a letter in response, arguing that the automatic stay does apply to Beam because Mr. Fabjanowski wholly owns Beam. (Docket No. 44).

On December 21, 2017, this Court held a pre-motion conference and heard argument from Plaintiffs' counsel and counsel for Beam and Mr. Fabjanowski. At the conference, the Court reserved decision on whether the automatic stay applies to Beam in order to give the parties an opportunity to move, by January 31, 2018, for a decision from the bankruptcy court on that issue. On February 2, 2018, counsel for Beam and Mr. Fabjanowski filed a letter reporting that Plaintiffs did not make an application in the bankruptcy proceeding.

Having reviewed the parties' letters, (Docket Nos. 39, 41, 44, 45 and 48), having heard argument from the parties' counsel, and having given the parties an opportunity—which was not used—to seek a ruling on this issue from the bankruptcy court, the Court finds, for the reasons below, that the automatic stay applies to both Mr. Fabjanowski and Beam. This finding is without prejudice to Plaintiffs' right to seek clarification or narrowing of the scope of the automatic stay from the bankruptcy court.

Section 362(a) of the Bankruptcy Code, by its terms, "operates as a stay" as to any "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). However, the Second Circuit has held that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (approving extension of the automatic stay from an individual debtor's case to his wholly-owned corporation). As an example, the Second Circuit cited "actions where there is such identity between the debtor and

2

the third-party defendant that the debtor may be said to be the real party defendant." *Id.* at 288 (internal quotation marks omitted). In their Amended Complaint, Plaintiffs allege that "BEAM is the alter-ego of Mr. Fabjanowski," "BEAM has no separate legal existence from Mr. Fabjanowski," and, as such, "BEAM and Mr. Fabjanowski, individually and collectively, and jointly and severally, are liable for all claims made herein." (Docket No. 27 ¶ 86). Therefore, based on Plaintiffs' own allegations, "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant," and, as such, Plaintiffs' claims against Beam may have "an immediate adverse consequence" for Mr. Fabjanowski's estate. *Queenie*, 321 F.3d at 287–88.

Accordingly, the Court finds that the automatic stay applies to both Mr. Fabjanowski and Beam. Counsel for Mr. Fabjanowski and Beam is directed to submit a letter to the Court providing an update on the status of the bankruptcy proceeding on March 30, 2018 and every thirty days thereafter. The Court continues to reserve decision on the request by Beam's counsel for permission to withdraw as counsel for Beam (*see* Docket No. 44), without prejudice to counsel's right to renew the request when the automatic stay is lifted.

Dated:   February 6, 2018
         White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge
